IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ALI AMINI d.b.a. ABLE'S AUTO SALES,**

        Plaintiff,

v.                                                                                                                                  **No. CIV 00-514 LCS**

**ENTERPRISE LEASING RENT A CAR INC.
and COPART AUTO AUCTION INC.,**

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Enterprise's Motion to Dismiss, filed June 30, 2000 (*Doc*. 11). The United States Magistrate Judge, presiding with the consent of the parties in accordance with 28 U.S.C. § 636(c), has considered the pleadings, the motions, the memoranda of the parties, and the relevant law.  The Court finds that the Defendant's Motion to Dismiss is not well taken and should be **denied**;

The Defendant moves to dismiss this case for improper venue pursuant to Fed.R.Civ.P. 12(b)(3) or, in the alternative, to transfer venue to the United States District Court, Southern District of California pursuant to 28 U.S.C. §§ 1391(a), 1404(a) and 1406(a). The Defendant contends that venue must be proper as to each of the defendants joined in the action. Enterprise asserts that "under diversity jurisdiction spelled out in 28 U.S.C. §1391, if all defendants 'reside' in the same state, the proper venue for the action is in that state, no matter which district in the

1

state the action is transferred or filed, if that district where one of the defendants resides." 28 U.S.C. §1391(a)(1). The Defendant's proposed remedy suggests that the Court either dismiss or transfer the action to the proper venue pursuant to 28 U.S.C. §§1404(a). Enterprise prays the Court to transfer the action to the proper venue of Southern California for the convenience of the witnesses and parties of the case. 28 U.S.C. §§1404(a). I disagree with the Defendant's argument.

In this case, venue is proper in New Mexico under 28 U.S.C. § 1391(a)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred within this state. Section 1391(a)(2) provides in relevant part: "A civil action wherein jurisdiction is founded on diversity of citizenship may. . . be brought only in . . . a judicial district in which a substantial part of the events . . . giving rise to the claim occurred . . ."28 U.S.C. 1391(a)(2).

Plaintiff Able Auto Sales is a resident of and does business in New Mexico. The complaint alleges that the vehicle in question was presumably located for a period and eventually bought by the Plaintiff at an auction that took place in El Paso, Texas, approximately forty miles from Las Cruces, New Mexico. Copart Auto Auction, the company that auctioned the vehicle has a place of business in El Paso, Texas. After the Plaintiff purchased the vehicle it was subsequently inspected and confiscated by the New Mexico State Police. These events, which all occurred in New Mexico, constitute a substantial part of the events giving rise to the claims in this case. No events, significant to the outcome of this case, are alleged to have happened in California. If anything, it would be highly inconvenient to transport the evidence and witnesses that are essential to the case to California.

Because venue of this action is proper in New Mexico under 28 U.S.C. § 1391(a)(2), the Plaintiff need not meet the venue requirements under §1391(a)(1) or §1391(a)(3). The Plaintiff is only required to show proper venue pursuant to one of the required districts under 28 U.S.C. § 1391(a) for Rule 12(b) purposes.

**WHEREFORE, IT IS ORDERED** that Defendant's Motion to Dismiss (*Doc*. 11) filed June 30, 2000, is **denied**.

_____
**LESLIE C. SMITH**
UNITED STATES MAGISTRATE JUDGE

F:\aaMagistrateJudge\00-514dismiss.doc