# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**ALI AMINI d.b.a. ABLE'S AUTO SALES,**

     Plaintiff,

v.                                                                 **No. CIV 00-514 LCS**

**ENTERPRISE LEASING RENT A CAR INC.**
**and COPART AUTO AUCTION INC.,**

     Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Copart's Motion to Dismiss for Want of Jurisdiction, filed October 3, 2000 (*Doc. 34*). The United States Magistrate Judge, presiding with the consent of the parties in accordance with 28 U.S.C. § 636(c), has considered the pleadings, the motions, the memoranda of the parties, and the relevant law.  The Court finds that the Defendant's Motion to Dismiss is well taken and should be **granted**;

## BACKGROUND

The Defendant moves to dismiss this case for want of jurisdiction pursuant to FED.R.CIV.PRO.12(b)(1) and 28 U.S.C. § 1332. The Defendant contends that by the time of the second filing, "Defendant Copart acquired and became the proprietor of what was formerly known as New Mexico Auto Salvage, in Albuquerque, New Mexico." (Def.'s Mem. at 4). The Defendant also contends that there is no justification for the established amount in controversy.

1

(Def.'s Mem. at 3). The Plaintiff contends that even if the Defendant were found to be currently incorporated in New Mexico, it was at the time of the alleged incident found to be a citizen of California. (Pl.'s Mem. at 1).

## DISCUSSION

The Federal Rules of Civil Procedure direct that "'[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.'" *Tuck v. United Services Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988), *cert. denied*, 489 U.S. 1080 (1989)(quoting FED. R. CIV. PRO. 12(h)(3)). Courts must look to the face of the complaint in order to decide whether a party has adequately alleged facts sufficient to confer federal diversity jurisdiction. *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972). Because federal courts are courts of limited jurisdiction, the party invoking federal jurisdiction bears the burden of proof with a presumption against federal jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). The pleader must affirmatively allege facts demonstrating the existence of jurisdiction and include "a short and plain statement of the grounds upon which the court's jurisdiction depends." FED. R. CIV. PRO. 8(a).

Jurisdiction under §1332 requires diversity of *citizenship*. "[A]llegations of mere 'residence' may not be equated with 'citizenship' for purposes of establishing diversity." *Whitelock,* 460 F.2d at 514. Domicile, the equivalent of state citizenship, requires more than mere residence; domicile exists only when such residence is coupled with an intention to remain in the state indefinitely. *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983).

2

A corporation is deemed to be a citizen not only of the state where it is incorporated but also of the state where it has its principal place of business. 28 U. S. C. § 1332( c)( 1) (1998). Diversity of citizenship is assessed at the time the action is filed. *See Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426 (1991). Once diversity is established at the time the suit is commenced it cannot be ousted by subsequent events. *See Johnston v. Cordell National Bank*, 421 F.2d 1310 (10th Cir. 1979) (citing *Mollan v. Torrance*, 22 U.S. 537 (1824)).

For a federal court to have diversity jurisdiction, the plaintiff must allege a proper jurisdictional basis in the complaint including an amount in controversy in excess of $75,000 exclusive of interest and costs, and that the plaintiff and defendants are citizens of different states. 28 U.S.C. §1332. The Plaintiff's complaint fulfills the first requirement, though not the second. To establish diversity of citizenship of a corporate defendant, the complaint *must* allege the corporation's state of incorporation *and* its principal place of business. 28 U.S.C. § 1332. The Plaintiff's complaint does allege that Copart is incorporated in the State of California, which Copart admits within its Answer. However, the complaint fails to state where Copart's principal place of business is located. (Pl.'s Compl. at 1). The complaint merely alleges that Copart does business in the State of Texas. (Pl.'s Compl. at 1). Because the Plaintiff's complaint fails to allege either Copart's or Enterprise's principal place of business, this Court does not have subject matter jurisdiction on diversity grounds. See *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir.1994); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 470-71 (10th Cir.1963). Moreover, although the Plaintiff's response to Defendant's Motion for Summary Judgment contains indications that

Copart is doing business in and is a resident of Texas, it contains no allegation as to its state or states of citizenship.[1] (Pl. Mem. at 1). *See Whitelock,* 460 F.2d at 514 (allegations of residence in complaint are insufficient to show diversity of citizenship). Therefore, the Plaintiff has failed to establish federal jurisdiction.

**WHEREFORE, IT IS ORDERED** that Defendant Copart's Motion to Dismiss for Want of Jurisdiction, filed October 3, 2000 (*Doc. 34*), is **granted** and this cause is dismissed as to all parties for lack of subject matter jurisdiction.

_____
**LESLIE C. SMITH**
UNITED STATES MAGISTRATE JUDGE

---

[1]    Even if the response did set forth Copart's state of citizenship, that allegation must be in the complaint to confer jurisdiction. *See Whitelock*, 460 F.2d at 514 (A federal court's jurisdiction must clearly appear from the face of a complaint).

F:\Amanda\Opinions\00-514 dismiss3